# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**3M COMPANY,**

    **Plaintiff,**

                          Civil Action 2:20-cv-2932
**v.**                          Judge James L. Graham
                          Chief Magistrate Judge Elizabeth P. Deavers

**PREVENTATIVE WELLNESS
CONSULTANTS, LLC,**

    **Defendant.**

## **ORDER**

This matter is before the Court on a motion to appoint counsel filed on behalf of Defendant by an individual whose signature appears to read "Jerry Pfeister." (ECF No. 5.) For the following reasons, the motion is **DENIED**.

First, the motion asserts indigency and seeks the appointment of a public defender. However, this is a civil matter, not a criminal one. The Sixth Amendment does not create a right to representation in civil cases. *United States v. Detar*, No. 1:04-CV-749, 2005 WL 1705012, at *3 (W.D. Mich. July 20, 2005)(citing *Wolfolk v. Rivera,* 729 F.2d 1114, 1119 (7th Cir.1983)).

Further, although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

1

Most significantly, however, Mr. Pfeister is not a named Defendant. (ECF No. 1.) Moreover, the named Defendant is alleged to be a limited liability company with a principal place of business in Columbus, Ohio. (*Id*. at ¶ 18.) A limited liability company cannot be represented *pro se* by its members or managers. *Aero Quest, LLC v. Aviation Leader Gen. Aviation Co*., No. 217CV02509JTFCGC, 2017 WL 9807436, at *1 (W.D. Tenn. Sept. 22, 2017) (citing *Wilson v. Acadia Dermatology, PLLC*, No. 1:11-cv-00069, 2011 WL 3651779, at *1 (M.D. Tenn. Aug 18, 2011)). Further, there is no question that, as a limited liability company, Defendant cannot legally represent itself in federal court. *Reid v. Herrera Harvesting LLC*, No. 2:17-CV-229, 2020 WL 2473491, at *2 (E.D. Tenn. May 13, 2020). While the motion does not indicate Mr. Pfeister's precise relationship to Defendant, it is clear that he has not entered an appearance as counsel for Defendant.[1] Accordingly, Mr. Pfeister cannot file motions on Defendant's behalf or represent Defendant in any way before this Court.

Finally, Defendant is advised that a corporate defendant who fails to obtain counsel is subject to judgment by default. *See, e.g*., *Emmet v. Del Franco*, No. 16-CV-11211, 2017 WL 697049, at *10 n.3 (E.D. Mich. Feb. 22, 2017) (advising that corporate defendants failing to obtain counsel would be defaulted). Accordingly, Defendant is **DIRECTED** to secure counsel. Defendant's failure to do so may result in an entry of default.

For the reasons stated above, the motion to appoint counsel (ECF No. 5) is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Order by regular U.S. Mail and note on the docket the fact of doing so to the following:

---

[1] The Summons indicates that Mr. Pfeister is Defendant's Statutory Agent. (ECF No. 4.)

Preventative Wellness Consultants,
c/o Jerry Pfeister
4200 Regent Street, Suite 200
Columbus, Ohio 43219

**IT IS SO ORDERED.**

Date: June 17, 2020  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE